UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| STEVEN W. PRITT, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) No. 1:17-cv-02663-SEB-TAB ) |
| JOHN LAYTON Sheriff; sued in individual capacity, *et al.* | ) ) ) ) |
| Defendants. | ) |

**Entry Screening Complaint and Directing Further Proceedings**

**I. Screening Standard**

Plaintiff Steven W. Pritt is a prisoner currently incarcerated at the New Castle Correctional Facility. He brings this action under 42 U.S.C. § 1983 alleging that his constitutional rights were violated while he was confined at the Marion County Jail. Because the plaintiff is a "prisoner" as defined by 28 U.S.C. § 1915(h), this Court has an obligation under 28 U.S.C. § 1915A(b) to screen his complaint before service on the defendants. Pursuant to 28 U.S.C. § 1915A(b), the Court must dismiss the complaint if it is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. In determining whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006). To survive dismissal,

> [the] complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Pro se complaints such as that filed by the plaintiff are construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers. *Obriecht v. Raemisch*, 517 F.3d 489, 491 n.2 (7th Cir. 2008).

## II. The Complaint

Pritt alleges that while he was confined at the Marion County Jail, defendant Sheriff "Matthew" prompted another inmate to throw feces on him and did not allow him to shower. He also alleges that the feces caused an infestation of cockroaches at the Jail.

He further alleges that he was not permitted to file grievances and that his grievances and complaints have been ignored. He states generally that this resulted in a risk of harm to him.

## III. Discussion of Claims

Applying the screening standard to the factual allegations in the complaint certain claims are dismissed while other claims shall proceed as submitted.

A. *Claims that are dismissed*

First, any claim against Sheriff John Layton must be **dismissed.** Pritt asserts that Layton maintained an inadequate grievance system and that Layton's actions generally created an environment in which Pritt was at risk of harm. But there is no free-standing right to a prison grievance system. *See Antonelli v. Sheahan,* 81 F.3d 1422, 1430-31 (7th Cir. 1996). And Pritt's general allegations that the failure of the grievance system caused him unspecified injuries are insufficient to state a claim that his constitutional rights were violated. *See Windy City Metal Fabricators & Supply, Inc. v. CIT Tech. Fin. Servs.*, 536 F.3d 663, 668 (7th Cir. 2008) (The complaint "must actually suggest that the plaintiff has a right to relief, by providing allegations that raise a right to relief above the speculative level."). Finally, there is no allegation that would raise an inference that Sheriff Layton was personally involved in the specific acts at issue in the

complaint. *Matz v. Klotka*, 769 F.3d 517, 528 (7th Cir. 2014) ("A damages suit under § 1983 requires that a defendant be personally involved in the alleged constitutional deprivation.").

Next, any claim against inmate John Doe must be **dismissed** because "it is pointless to include [an] anonymous defendant [ ] in federal court; this type of placeholder does not open the door to relation back under Fed.R.Civ.P. 15, nor can it otherwise help the plaintiff." *Wudtke v. Davel*, 128 F.3d 1057, 1060 (7th Cir. 1997) (internal citations omitted). Bringing suit against unnamed, or "John Doe," defendants in federal court is generally disfavored by the Seventh Circuit. If through discovery, Pritt is able to learn the name of the unknown defendants, he may seek leave to add a claim against them.

      B. *Claim that will proceed*

Pritt's claim that defendant Sheriff Matthew allowed another inmate to throw feces on him, did not allow him to shower, and that this caused a cockroach infestation **shall proceed** as a claim that Matthew failed to protect Pritt from injury and subjected him to unconstitutional conditions of confinement.

This summary of remaining claims includes all of the viable claims identified by the Court. All other claims have been dismissed. If the plaintiff believes that additional claims were alleged in the complaint, but not identified by the Court he shall have **through November 14, 2017,** in which to identify those claims.

### IV. Duty to Update Address

The pro se plaintiff shall report any change of address within ten days of any change. The Court must be able to locate the plaintiff to communicate with him. If the plaintiff fails to keep the Court informed of his current address, the action may be subject to dismissal for failure to comply with Court orders and failure to prosecute.

## V. Service of Process

The **clerk is designated** pursuant to *Fed. R. Civ. P.* 4(c)(3) to issue process to defendant Sheriff Matthew in the manner specified by Rule 4(d). The **clerk shall terminate** all other defendants on the docket. Process shall consist of the complaint, applicable forms (Notice of Lawsuit and Request for Waiver of Service of Summons and Waiver of Service of Summons), and this Entry.

**IT IS SO ORDERED.**

Date: 10/11/2017

*Sarah Evans Barker*
SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

Steven Pritt
196024
New Castle Correctional Facility
1000 Van Nuys Road
NEW CASTLE, IN 47362

Sheriff Matthew
Marion County Jail
40 Alabama Street
Indianapolis, IN 46204