UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| STEVEN W. PRITT, | ) |
| Plaintiff, | ) |
| vs. | ) No. 1:17-cv-02663-SEB-TAB |
| SHERIFF MATTHEW. | ) |
| Defendant. | ) |

**Entry Granting Motion to Amend,
Screening Amended Complaint, and Directing Further Proceedings**

Plaintiff Steven Pritt, an inmate at the New Castle Correctional Facility, brings this action under 42 U.S.C. § 1983 alleging that his constitutional rights were violated while he was confined at the Marion County Jail. After engaging in discovery to identify the proper defendants, Pritt has filed a motion to amend his complaint. The motion is **granted**.

### I. Screening Standard

Because the plaintiff is a "prisoner" as defined by 28 U.S.C. § 1915(h), this Court has an obligation under 28 U.S.C. § 1915A(b) to screen his amended complaint before service on the defendants. Pursuant to 28 U.S.C. § 1915A(b), the Court must dismiss the complaint if it is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. In determining whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006). To survive dismissal,

> [the] complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Pro se complaints such as that filed by the plaintiff are construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers. *Obriecht v. Raemisch*, 517 F.3d 489, 491 n.2 (7th Cir. 2008).

## II. Discussion

Pritt alleges that while he was confined at the Marion County Jail, another inmate threw feces on him and Deputy Sheriff Eric McCreary failed to file a report or separate them, which left Pritt at risk of further assaults. In addition, the feces caused an infestation of cockroaches. Deputy Sheriff McCreary did not allow Pritt to shower, obtain medical care, or file a grievance. Pritt states that he told defendants that he has identified as "White Shirt Butner" and "White Shirt Mottram" also denied his request for a shower and medical treatment. They also would not allow Pritt to hang up a smock as a barrier from the other inmate's assaults and would not otherwise protect him from further assaults.

Applying the screening standard to the factual allegations in the amended complaint certain claims are dismissed while other claims shall proceed as submitted.

Pritt's claims that defendant McCreary, Butner, and Mottram would not allow him to shower or obtain medical attention after being assaulted by feces **shall proceed** as a claim that these defendants failed to protect him from harm and ignored his serious medical needs in violation of his constitutional rights. His claim that his cell was infested with cockroaches and the defendants ignored this condition **shall proceed** as a claim that these defendants subjected him to unconstitutional conditions of confinement. It is unclear from the Amended Complaint whether Pritt was a pretrial detainee or a convicted inmate at the time of these events. If he was a

pretrial detainee, the rights alleged derive from the Fourteenth Amendment. If he was a convicted prisoner, the Eighth Amendment applies.

Any claim against Brewer Ramsey is **dismissed**. The plaintiff alleges claims against Ramsey under 42 U.S.C. § 1983 and asserts that Ramsey acted under color of state law, but he also alleges that Ramsey was a fellow inmate at the Jail. To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the Constitution or laws of the United States and must show that the alleged deprivation was committed by a person acting under color of state law. *West v. Atkins,* 487 U.S. 42, 48 (1988). "The color of state law element is a threshold issue; there is no liability under [Section] 1983 for those not acting under color of law." *Groman v. Twp. of Manalapan,* 47 F.3d 628, 638 (3d Cir. 1995). A person acts under color of state law only when exercising power "possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law." *United States v. Classic,* 313 U.S. 299, 326 (1941). There is no allegation in the complaint that would support a conclusion that Ramsey, a fellow Jail inmate, was exercising power he possessed by virtue of state law.

This summary of remaining claims includes all of the viable claims identified by the Court. All other claims have been dismissed. If the plaintiff believes that additional claims were alleged in the complaint, but not identified by the Court, he shall have **through June 11, 2018,** in which to identify those claims.

### III. Duty to Update Address

The pro se plaintiff shall report any change of address within ten (10) days of any change. The Court must be able to locate the plaintiff to communicate with him. If the plaintiff fails to

keep the Court informed of his current address, the action may be subject to dismissal for failure to comply with Court orders and failure to prosecute.

## IV. Conclusion and Service of Process

The motion to amend, dkt. [20], is **granted.** The **clerk shall** re-docket the proposed amended complaint (dkt. 20-1) as the amended complaint.

In summary, Pritt's claims that defendant McCreary, Butner, and Mottram would not allow him to shower or obtain medical attention after being assaulted by feces **shall proceed** as a claim that these defendants failed to protect him from harm and ignored his serious medical needs in violation of his constitutional rights. His claim that his cell was infested with cockroaches and the defendants ignored this condition **shall proceed** as a claim that these defendants subjected him to unconstitutional conditions of confinement. The **clerk shall amend** the docket to reflect that Deputy Sheriff Eric McCreary, Butner, and Mottram are the defendants in this action.

The **clerk is designated** pursuant to *Fed. R. Civ. P.* 4(c)(3) to issue process to the defendants in the manner specified by Rule 4(d). Process shall consist of the amended complaint, applicable forms (Notice of Lawsuit and Request for Waiver of Service of Summons and Waiver of Service of Summons), and this Entry.

**IT IS SO ORDERED.**

Date: 5/23/2018

*Sarah Evans Barker*

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

Steven W. Pritt
196024
New Castle Correctional Facility
1000 Van Nuys Road
New Castle, IN 47362

Deputy Sheriff McCreary
Marion County Jail
40 Alabama Street
Indianapolis, IN 46204

Butner
Marion County Jail
40 Alabama Street
Indianapolis, IN 46204

Mottram
Marion County Jail
40 Alabama Street
Indianapolis, IN 46204