UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| STEVEN W. PRITT, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 1:17-cv-02663-SEB-TAB |
| | ) |
| ERIC MCCREARY, et al. | ) |
| | ) |
| Defendants. | ) |

**Order Denying in Part and Granting in Part Motion for Partial Summary Judgment**

Plaintiff Steven Pritt, an Indiana inmate, brought this lawsuit pursuant to 42 U.S.C. § 1983 alleging that when he was confined at the Marion County Jail, he was subjected to assault by another inmate, endured unconstitutional conditions of confinement, and denied medical care. Specifically, Mr. Pritt alleges that Deputy Eric McCreary provoked another inmate to fling urine and feces on him. He also alleges that the urine and feces caused an infestation of cockroaches in his cell. He asked for medical attention and a shower, but did not receive either. He sues Deputy McCreary, Sergeant Mullins, and Sergeant Gephart of the Marion County Jail. His claims are: (1) the defendants failed to protect him from harm in violation of his Eighth Amendment rights when Deputy McCreary prompted the other inmate to assault him with bodily waste; (2) all defendants exhibited deliberate indifference to his serious medical needs when they did not allow him a shower or medical attention; and (3) the conditions of his confinement were unconstitutional.

The defendants seek partial summary judgment on these claims. First, they argue that Mr. Pritt's Eighth Amendment deliberate indifference to medical care claim must fail because Mr. Pritt cannot show that the defendants were deliberately indifferent to his serious medical needs. They

further argue that Mr. Pritt cannot show that defendants Mullins and Gephart failed to protect him from harm because he does not allege that they were present on the day of the alleged assault.

## I. Summary Judgment Standard

Summary judgment is appropriate where there are no genuine disputes of material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986). A court must grant a motion for summary judgment if it appears that no reasonable trier of fact could find in favor of the nonmovant based on the designated admissible evidence. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986). It cannot weigh evidence or make credibility determinations on summary judgment because those tasks are left to the fact-finder. *Miller v. Gonzalez*, 761 F.3d 822, 827 (7th Cir. 2014). The Court views the record in the light most favorable to the non-moving party and draws all reasonable inferences in that party's favor. *Skiba v. Illinois Cent. R.R. Co.*, 884 F.3d 708, 717 (7th Cir. 2018).

## II. Statement of Facts

The following statement of facts has been evaluated based on the standard set forth above. That is, the statement of facts is not necessarily objectively true, but the undisputed facts and the disputed evidence are presented in the light most favorable to Mr. Pritt as the non-moving party.

From July 9, through July 22, 2016, Mr. Pritt was housed at the Marion County Jail as he awaited a hearing for his Petition for Post-Conviction Relief. Dkt. 79-1, p. 21. Around July 14 or 15, 2016, Mr. Pritt requested to be moved to suicide watch and was placed in a cell next to Ramsey Brewer. *Id.*, p. 8. On or around July 16, 2016, Deputy Eric McCreary was passing out food trays. *Id.*, p. 14. Deputy McCreary gave Mr. Pritt a tray that looked like it had blood on it. *Id.*, pp. 14-15. 5. Mr. Pritt returned the tray to Deputy McCreary because of the apparent blood. *Id.*, p. 15. Deputy McCreary then showed the tray to Mr. Brewer and asked him how he got his blood on Mr. Pritt's

food tray. *Id.* Mr. Brewer then took a cup and scooped urine and feces out of his toilet, reached outside of his cell, and flung it on Mr. Pritt. *Id.* Mr. Brewer flung urine or feces three or four times at Mr. Pritt. *Id.* Mr. Pritt asked Deputy McCreary for a shower and medical attention, but he did not get a shower and medical attention. *Id.*, p. 16. Mr. Pritt's cell then became infested with cockroaches. *Id.* p. 17. The cockroaches bit or gnawed on Mr. Pritt. *Id.* The next day, Mr. Pritt told medical personnel that he needed medical attention. *Id.*, p. 16. Nurses make rounds through the suicide watch block two to three times per day to pass out medications. *Id.*, p. 25. The nurses saw that Mr. Pritt had "infected cockroach bites" but did not do anything about them. *Id.*, p. 18. A mental health professional makes rounds through the suicide block at least once per day. *Id.*, p. 22. Between July 16 and 22, Mr. Pritt told these medical professionals that he needed a shower and medical attention, however they did not honor his requests. *Id.*, p. 16. Mr. Pritt asked Deputy McCreary for medical assistance and asked for medical request forms. Dkt. 79-2, ¶ 7.

On July 20, 2016, Sgt. Gephart, and Sgt. Mullins entered the suicide block and Mr. Pritt told them he needed a shower and medical attention. Dkt. 79-2, ¶ 9. He was told to fill out a medical request, but they did not provide him with the form to do so. Dkt. 79-2, ¶ 9-10. Sgt. Gephart and Sgt. Mullins were not present at the alleged July 16, 2016 incident. *See* dkt. 79-2, ¶¶ 1-8. On or about July 22, 2016, Mr. Pritt was taken back to New Castle Correctional Facility. Dkt. 79-1, p. 43. The cockroach bites were the size of pencil lead, raw in the center, raised up and red around the edges. *Id.*, p. 41. Mr. Pritt has not been tested for infection. *Id.*, p. 51. Mr. Pritt has no remaining visible physical marks from the cockroach bites. *Id.*, p. 41.

### III. Discussion

The defendants move for partial summary judgment arguing that they were not deliberately indifferent to his serious medical needs and that defendants Sgt. Gephart and Sgt. Mullins were not present on the day that Mr. Brewer assaulted Mr. Pritt.

#### A. Deliberate Indifference

The defendants argue that they are entitled to summary judgment on Mr. Pritt's claims that they were deliberately indifferent to his serious medical needs.

At all times relevant to Mr. Pritt's claims, he was a convicted inmate. Accordingly, his treatment and the conditions of his confinement are evaluated under standards established by the Eighth Amendment's proscription against the imposition of cruel and unusual punishment. *See Helling v. McKinney*, 509 U.S. 25, 31 (1993) ("It is undisputed that the treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment."). To establish an Eighth Amendment claim for deliberate indifference to serious medical needs, "the plaintiff must prove that he suffered from '(1) an objectively serious medical condition to which (2) a state official was deliberately, that is subjectively, indifferent.'" *Whiting v. Wexford Health Sources, Inc.*, 839 F.3d 658, 662 (7th Cir. 2016).

The defendants argue that Mr. Pritt did not suffer from an objectively serious medical condition.

> An objectively serious medical condition is one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would perceive the need for a doctor's attention. A medical condition need not be life-threatening to be serious; rather, it could be a condition that would result in further significant injury or unnecessary and wanton infliction of pain if not treated.

*Gayton v. McCoy*, 593 F.3d 610, 620 (7th Cir. 2010) (internal citations omitted).

Mr. Pritt states that he had over one hundred cockroach bites that were red and no bigger than lead from a number two pencil. The defendants argue that this is like a severe rash, which is not an objectively serious medical condition. But Mr. Pritt claims that these bites became infected. While Mr. Pritt also stated that the bites healed without treatment and left no visible scars, his assertion that the bites became infected, if believed, could lead a reasonable juror to conclude that he was experiencing pain from the bites and other symptoms that warranted medical attention. There is therefore a dispute of fact regarding whether Mr. Pritt was suffering from an objectively serious medical condition.

The defendants go on to argue that they are entitled to summary judgment on the second element of Mr. Pritt's deliberate indifference claim – that they were subjectively deliberately indifferent to his need for medical treatment – because they were entitled to rely on the fact that Mr. Pritt was being observed by medical professionals who saw him two to three times per day. "'If a prisoner is under the care of medical experts ... a non-medical prison official will generally be justified in believing that the prisoner is in capable hands.'" *Giles v. Godinez*, 914 F.3d 1040, 1049 (7th Cir.), *cert. denied*, 140 S. Ct. 50 (2019) (quoting *Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005)). "'[A]bsent a reason to believe (or actual knowledge) that prison doctors or their assistants are mistreating (or not treating) a prisoner, a non-medical prison official ... will not be chargeable with the Eighth Amendment scienter requirement of deliberate indifference.'" *Id.* at 1049-50 (quoting *Spruill v. Gillis*, 372 F.3d 218, 236 (3d Cir. 2004)).

Mr. Pritt contends that his infected sores were "obvious" and that he asked each of the defendants for assistance with filing medical request forms, but those requests were denied. There is therefore a question of fact regarding whether the defendants were aware of Mr. Pritt's need for care an ignored it. A reasonable juror who believed Mr. Pritt might find that nursing staff ignored

his requests for help or told him to fill out request forms. Then, when Mr. Pritt asked the defendants for medical requests forms, the defendants did not provide them. While the defendants argue that they are entitled to rely on the decisions of medical personnel, they have not pointed to evidence or testimony that they did so. Further, if they had reason to believe that medical personnel were not treating Mr. Pritt, based on his requests for medical forms, a reasonable jury might find them to have been deliberately indifferent to Mr. Pritt's needs.

For these reasons, the defendants are not entitled to summary judgment on Mr. Pritt's claim that they were deliberately indifferent to his serious medical need based on cockroach bites.

### B. Failure to Protect

Next, defendants Sergeants Gephart and Mullins seek summary judgment on the claim that they failed to protect Mr. Pritt from the assault by Mr. Brewer because they were not present when Mr. Brewer threw bodily waste on Mr. Pritt. "Individual liability under § 1983… requires personal involvement in the alleged constitutional deprivation." *Colbert v. City of Chicago*, 851 F.3d 649, 657 (7th Cir. 2017) (internal quotation omitted) (citing *Wolf-Lillie v. Sonquist*, 699 F.2d 864, 869 (7th Cir. 1983) ("Section 1983 creates a cause of action based on personal liability and predicated upon fault. An individual cannot be held liable in a § 1983 action unless he caused or participated in an alleged constitutional deprivation.... A causal connection, or an affirmative link, between the misconduct complained of and the official sued is necessary.")). Mr. Pritt has not directed the Court to any evidence that Sergeants Gephart and Mullins were present at the time Brewer assaulted him or that they were aware that Mr. Brewer would do so. They are therefore entitled to summary judgment on Mr. Pritt's failure to protect claim.

To the extent that Mr. Pritt can be understood to argue that Sergeants Gephardt and Mullins failed to prevent possible future assaults by Brewer, such a claim is not proceeding in this case,

see dkt. 37, and Mr. Pritt has failed to state such a claim. It is typically "the reasonably preventable assault itself, rather than any fear of assault" that makes up a failure-to-protect claim. *Babcock v. White*, 102 F.3d 267, 271 (7th Cir. 1996). But, the Seventh Circuit has suggested that officially sanctioned *psychological* harm might state an Eighth Amendment failure to protect claim. *Doe v. Welborn*, 110 F.3d 520, 524 (7th Cir. 1997) (holding that the plaintiff in a failure to protect case had not shown "physical harm nor the kind of extreme and officially sanctioned psychological harm that might support a claim for damages under the Eighth Amendment."); *see also Age v. O'Brien*, 2000 WL 307396, *2 (7th Cir. Mar. 23, 2000) ("Though [the plaintiff] may fear an assault by the Mexican Mafia or others, a successful claim for damages under the Eighth Amendment requires proof of obvious physical injury or of extreme and officially-sanctioned psychological harm, neither of which is present here."); *but see Saunders v. Tourville*, 97 Fed. Appx. 648, 649 (7th Cir. 2004) (holding that the defendant correctional officer did not violate the Eighth Amendment by telling other inmates that the plaintiff "was a snitch, thereby placing him at risk of assault" because the risk of an assault never materialized; "[t]he standard in this circuit is clear: an inmate who suffers only a risk of physical harm has no compensable claim under the Eighth Amendment"). Mr. Pritt has not provided sufficient evidence to show that Sergeants Gephart and Mullins's actions amounted to extreme and officially-sanctioned psychological harm.

### III. Conclusion

For the foregoing reasons, the motion for partial summary judgment, dkt. [78], is **denied in part and granted in part**. His claims that defendants Sergeants Gephart and Mullins failed to protect him from the assault by Mr. Brewer is **dismissed**. The claim that the defendants exercised deliberate indifference to his need for medical treatment, the claim that that Deputy McCreary failed to protect him from the assault, and the claim that McCreary, Gephart, and Mullins subjected

him to unconstitutional conditions of confinement when he was left in a cell that was infested with cockroaches and not allowed to shower despite being covered with bodily waste remain.

Mr. Pritt's motion for an extension of time, dkt. [88], is **denied** as unnecessary.

The Court will direct further proceedings, including a settlement conference and trial if necessary, through a separate order. If Mr. Pritt wants to ask the Court to recruit counsel to represent him, he should file a motion on the Court's form. The **clerk shall** include a form motion for assistance with recruiting counsel with his copy of this Order.

**IT IS SO ORDERED.**

Date: 12/6/2019

_Sarah Evans Barker_
SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

STEVEN W. PRITT
196024
NEW CASTLE - CF
NEW CASTLE CORRECTIONAL FACILITY - Inmate Mail/Parcels
1000 Van Nuys Road
NEW CASTLE, IN 47362

All Electronically Registered Counsel